IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03089-BNB

TERENCE J. HANKINS, #147323,

    Plaintiff,

v.

CITY OF CRAIG, COLORADO,
WALTER VANETTA, Police Chief, and
JEN KENNY, Investigator,
Both individually and as city employees,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Terence J. Hankins, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  He has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated during the course of the state court criminal proceedings against him.  Mr. Hankins seeks damages in addition to injunctive relief.

    Mr. Hankins has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Hankins*, 490 U.S. 319, 324 (1989).  Under 42 U.S.C. § 1983, a

plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court must construe Mr. Hankins' filings liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  See *id*.  For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Hankins alleges that his constitutional rights were violated during the course of his state court criminal proceedings.  As his first claim, Mr. Hankins alleges that illegal interrogations and illegal search warrants were used in order to obtain his conviction. As his second claim, Mr. Hankins alleges that his confession was illegally obtained and that confidential information protected by attorney-client privilege was improperly provided to the prosecution.  Third, Mr. Hankins asserts that a false bomb scare that occurred at the court house during his trial improperly influenced the jury's verdict.  As relief, Mr. Hankins requests compensatory and punitive damages and the dismissal of his conviction for first degree murder.

However, Mr. Hankins may not challenge the validity of his conviction in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87.

A judgment in favor of Mr. Hankins in this action necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Mr. Hankins does not allege any invalidation of his convictions nor is there an indication in the Complaint that he was granted one. Any claims challenging Mr. Hankins's criminal state court proceedings would be barred by *Heck*.

Furthermore, to the extent that Mr. Hankins is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). The Court notes that Mr. Hankins is currently challenging his state court conviction in this Court in Case No. 11-cv-01090-WJM.

Therefore, the instant action will be dismissed pursuant to *Heck*. A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that all pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this 10th day of January, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court